IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LV LIQUIDATION CORPORATION, et al.,[1] | ) Case No. 08-10323 (BLS) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) RE: D.I. 565 |

## ORDER UNDER 11 U.S.C. §§ 327 AUTHORIZING RETENTION AND EMPLOYMENT OF MHM MAHONEY COHEN CPAS, THE NEW YORK PRACTICE OF MAYER HOFFMAN MCCANN P.C., AN INDEPENDENT CPA FIRM AS AUDITOR FOR THE DEBTORS, *NUNC PRO TUNC* TO JANUARY 1, 2009.

Upon the application (the "Application")[2] of LV Liquidation Corporation, LVCH Liquidation Corporation, LVI Liquidation Corporation, LVR Liquidation Corporation, CS Liquidation Corporation, ECL Liquidation Corporation, and RDF Liquidation Corporation, debtors and debtors-in-possession in the above captioned cases (collectively the "Debtors"), pursuant to sections 327(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain and employ MHM Mahoney Cohen CPAs, The New York Practice of Mayer Hoffman

---

[1] The Debtors are the following entities: LV Liquidation Corporation (Tax ID No. XX-XXX9859); LVCH Liquidation Corporation (Tax ID No. XX-XXX4983; LVI Liquidation Corporation. (Tax ID No. XX-XXX9465); LVR Liquidation Corporation (Tax ID No. XX-XXX8332); CS Liquidation Corporation. (Tax ID No. XX-XXX8799); ECL Liquidation Corporation (Tax ID No. XX-XXX6203); and RDF Liquidation Corporation (Tax ID No. XX-XXX7798), and the address for all of the Debtors is - P.O. Box 9268, Virginia Beach, VA 23450-9268

[2] Capitalized terms used but not otherwise defined shall have the meanings set forth in the Application.

McCann P.C., An Indpendent CPA Firm ("MHM") as auditor to the Debtors, *nunc pro tunc* to perform the 2008 annual audit of the Lillian Vernon Corporation Retirement Savings Plan, and upon the Declaration of John J. Cronin in Support of Application for an Order Under 11 U.S.C. §§ 327 Authorizing Retention and Employment of MHM as Auditor to the Debtors *Nunc Pro Tunc* to January 1, 2009, attached as **Exhibit A** to the Application; and the Court finding, after due deliberation, that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the reference to this Court from the district court pursuant to 28 U.S.C. § 157; (b) notice of the Application and opportunity for a hearing thereon was sufficient under the circumstances; (c) the Court having determined that MHM is a "disinterested person" pursuant to section 101(14) of the Bankruptcy Code; and (d) the Court having determined that the legal and factual bases set forth in the Application and the Cronin Declaration establish that the relief granted herein is in the best interest of the Debtors' estates, the Debtors' creditors and other parties in interest in these cases;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. The Debtors are authorized to retain and employ MHM as auditor to the Debtors at the expense of these Chapter 11 estates, pursuant to sections 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, *nunc pro tunc* January 1, 2009.

3. The Debtors are authorized and empowered to employ and retain MHM, pursuant to sections 105 and 327 of the Bankruptcy Code.

4. The Debtors are authorized and empowered to make payments during the course of these chapter 11 cases up to $15,000 for postpetition compensation and reimbursement of postpetition expenses to MHM in the manner customarily made by the Debtors in the full

2

amount billed by MHM, upon receipt therefrom of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such MHM's standard billing practices (without prejudice to the Debtors' normal right to dispute any such invoices), provided, however, that compensation paid to MHM is authorized as a final matter pursuant to the provisions below.

5. All payments to MHM shall be subject to the approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code if they exceed $15,000 in the aggregate during the completion of the audit of the Lillian Vernon Corporation Retirement Savings Plan's Financial Statements as of and for the year ended December 31, 2008.

6. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

7. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: February 23, 2009
Wilmington, Delaware

THE HONORABLE BRENDAN L SHANNON
UNITED STATES BANKRUPTCY JUDGE

2718769.1